### Succession of John S. Thompson.

An appeal will lie from an interlocutory order on a party to deposit in court a sum of money, the right to which is in contestation between the other parties to the suit.

Where several parties claim a sum of money, to which the party in possession of the money does not assert any right, the court may order the money to be deposited in the hands of the Clerk of the court, until the respective rights of all the claimants are adjudicated upon.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *H. R. Grandmont & H. C. Miller,* for appellant. *H. D. Ogden* and *T. W. Collins,* for appellees.

On motion to dismiss the appeal :

MERRICK, C. J. The present appeal is taken from a judgment upon a rule ordering *Mills Judson & Co.* to deposit in court $800, alleged to belong to the succession.

There is a motion to dismiss the appeal, on the ground that the judgment is only interlocutory and not final. The decree is, that the money be deposited in court to abide the event of two other suits pending in the same court. We think the plaintiff is entitled to the appeal. It may be that the court will come to the conclusion that plaintiff, the administrator, is entitled to an absolute decree in his favor.

The rule to dismiss is discharged.

On the merits :

COLE, J. The cause of the controversy is the same as in the suits Nos. 6262 and 6338, just decided.

A rule was taken on *Judson & Co.* to show cause why they should not pay the sum of eight hundred dollars, the proceeds of the two notes into the hands of the administrator of *Thompson's* estate.

Upon trial of the rule, the District Judge ordered the money to be deposited in the hands of the Clerk of the court, to abide the decisions of the suits of *Doyle* and of *Mrs. Johnston.*

The administrator of *Thompson's* estate appealed.

There is no error in the judgment. It was in the furtherance of justice, that the court should not order the money to be delivered to one party, when there were several contesting for the same, until the respective rights of all the claimants were adjudicated upon.

It is, therefore, ordered, adjudged and decreed, that the judgment of the court below upon the rule be affirmed, and that the succession of *John S. Thompson* pay the costs of both courts.